COMMONWEALTH vs. A JUVENILE.

Suffolk.   October 6, 1982. — December 3, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Juvenile Court,* Support of illegitimate child.  *Jurisdiction,* Juvenile court.
  *Illegitimate Child,* Support.  *Public Welfare,* Support of illegitimate
  child.

A Juvenile Court has jurisdiction of a proceeding under G. L. c. 273,
  § 15, against a juvenile defendant for failure to support an illegitimate
  child.  [680]
A Juvenile Court has authority to enter a support order under G. L. c. 273,
  § 15, against a juvenile defendant for a period exceeding the time dur-
  ing which the Juvenile Court will have jurisdiction over the defend-
  ant.  [680-681]
Neither receipt of public assistance for families with dependent children
  by a juvenile defendant nor his status as a full-time high school student
  precluded a Juvenile Court from ordering the defendant to contribute
  to the support of his illegitimate child.  [681]


COMPLAINT received and sworn to in the Dorchester Divi-
sion of the District Court Department on June 12, 1981.

Upon appeal to the appellate session of the Boston Divi-
sion of the District Court Department, the case was heard
by *Ireland,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Carol Gibson Smith* for the defendant.

*Michael J. Traft,* Assistant District Attorney (*Robin
Pearl,* Legal Assistant to the District Attorney, with him)
for the Commonwealth.

WILKINS, J.   We are concerned with the authority of a
Juvenile Court (a) to entertain a nonsupport action under
G. L. c. 273, § 15, and enter a finding of delinquency against

a juvenile defendant, and (b) to order the payment of support for his illegitimate child, where the defendant juvenile receives aid for families with dependent children (A.F.D.C.). We affirm the order of a judge of the Boston Juvenile Court who adjudged the defendant delinquent and ordered him to make weekly payments for the support of his child.

The defendant is the father of a child who was born on January 5, 1981. The child, who lives with his mother, is a recipient of A.F.D.C. The defendant, who was born on May 25, 1965, is a full-time student at Dorchester High School. The defendant also receives A.F.D.C. through his mother's public assistance grant and remains eligible for public assistance while he is a full-time student and under eighteen years of age.

On June 12, 1981, a representative of the Department of Public Welfare filed a complaint in the juvenile session of the Dorchester District Court charging the defendant with delinquency by reason of nonsupport in violation of G. L. c. 273, § 15, as amended through St. 1979, c. 621, § 2. That section declares that "[a]ny parent of an illegitimate child . . . who neglects or refuses to contribute reasonably to its support and maintenance, shall be guilty of a misdemeanor." If, as is the case here, there has been no prior determination of paternity of the child, that question is determined in the § 15 proceeding.

The defendant sought a trial by jury in the first instance and was arraigned in the Appellate Division of the Boston Juvenile Court. He moved to dismiss the complaint challenging the appropriateness in the Juvenile Court of an action under § 15, particularly one seeking a support order. A judge of that court denied the motion. The defendant admitted his paternity and pleaded guilty, without waiving his jurisdictional objection. The judge adjudicated the defendant to be delinquent, placed him on probation for six years, and ordered him to make payments of $8 a week toward the support of his child. The defendant appealed. We transferred the appeal here on our own motion.

A proceeding under G. L. c. 273, § 15, for failure to support an illegitimate child is "expressed in a criminal context," is punishable as a misdemeanor, and must be treated as if it were criminal in nature. *Commonwealth* v. *Chase*, 385 Mass. 461, 463-464 (1982). See *Commonwealth* v. *Lobo*, 385 Mass. 436, 444-445 (1982). Thus, because this defendant is a juvenile and the complaint alleges delinquency by reason of nonsupport, the Juvenile Court has jurisdiction over the proceeding brought pursuant to § 15. G. L. c. 119, § 54. Section 15 expresses no minimum age with respect to child support, and, in this respect, should be contrasted with G. L. c. 273, § 20, which concerns the financial support of one's parents and applies only to persons over eighteen years of age. Because the Juvenile Court has jurisdiction of a § 15 proceeding, a judge of that court may adjudge a juvenile to be delinquent by reason of his violation of his obligation to support his illegitimate child.

The remaining question is whether the support order — to pay $8 a week toward the support of the illegitimate child — is lawful. The defendant contends that a support order is inappropriate in the circumstances. In particular, he argues that an order covering a period of six years, as permitted by G. L. c. 273, § 5, is inappropriate because that period exceeds the time during which the Juvenile Court will have jurisdiction over him. See G. L. c. 119, §§ 65, 72, 72A.

The defendant's claim rests on an assertion that a support order is inconsistent with the statutory purpose of treating a juvenile defendant as a child "in need of aid, encouragement and guidance." G. L. c. 119, § 53. Although we acknowledge that purpose, we see no basis, and certainly no statutory basis, for concluding that a juvenile should be free from any duty to support his or her illegitimate child. The illegitimate child has interests, as does the Commonwealth. See *Commonwealth* v. *Lobo*, *supra* at 448. When, by reason of age, the juvenile passes out of the jurisdiction of the Juvenile Court, support orders under § 15 may be transferred to the appropriate District Court.

The fact that the defendant is receiving A.F.D.C., and is a full-time high school student does not preclude the entry of a support order. Of course, the amount of any support order must be based on a defendant's circumstances. The order here did not seek to transfer A.F.D.C. funds from the defendant's household to the household of his illegitimate child. On the limited record before us, we cannot say that an order for weekly support of $8 is unreasonable.[1] There is nothing in our statutes relating to juveniles, nor in logic, that prevents a court from ordering a juvenile father of an illegitimate child, even if the father is on public welfare, to provide support for his illegitimate child. There is a strong public interest in immediately impressing a juvenile father with his obligations to his child, and thus in not waiting until the father comes under the jurisdiction of the District Court Department.

*Judgment affirmed.*

---

[1] In its brief, the Commonwealth suggests that there are means by which the defendant could fulfil his obligation, such as through a court's work program.